UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK W. EMERY,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-809-DRL-MGG

RON NEAL,

    Defendant.

## OPINION AND ORDER

Frank W. Emery, a prisoner without a lawyer, filed a complaint alleging he was receiving constitutionally inadequate medical care at Indiana State Prison for recurrent kidney stones. ECF 1. The court determined that the complaint did not state a claim for damages because it did not identify how any of the named defendants were personally involved in his medical care. ECF 8. However, the court determined that the complaint plausibly alleged he was currently not receiving constitutionally adequate medical care and allowed a claim for injunctive relief to proceed against the Warden of Indiana State Prison in his official capacity. Additionally, the court construed the complaint as a motion for a preliminary injunction and ordered the Warden to respond. *Id.* The Warden filed a response, and Mr. Emery has replied. ECF 17, 24. The motion is ready to be decided.

As alleged in the complaint, before Mr. Emery entered the custody of the Indiana Department of Correction (IDOC), he had a surgery scheduled for a staghorn kidney

stone[1] that had been diagnosed by doctors at St. Francis Hospital and Urology of Indiana. ECF 6 at 2. But the surgery was cancelled due to Mr. Emery's incarceration. *Id.* He asserts that until that large kidney stone is removed, small pieces will continue to break off, causing him pain and potential damage as they pass. *Id.*

When Mr. Emery entered IDOC custody on August 18, 2022, he spent the first month and a half at the Reception Diagnostic Center ("RDC"). ECF 17-3 at 1-4. Upon his intake, the record shows that an abdominal x-ray was ordered to look for signs of a kidney stone, ECF 17-4 at 1, but there are no results from that x-ray in the record. At RDC, he was prescribed Flomax and ibuprofen, when he began passing a kidney stone. ECF 17-5 at 1-2.

Mr. Emery was transferred to Indiana State Prison (ISP) on October 4, 2022. ECF 17-6 at 1. At his intake, he reported that he was in the process of passing a kidney stone and that he needed kidney stone surgery. ECF 17-2 at 1-3. He alleges that the medication he had been prescribed for kidney stones at RDC was taken away, and the healthcare requests he submitted every time he was passing another kidney stone were not timely answered. ECF 6 at 3. As a result, he says he ended up passing several kidney stones over the next year without any medication.

---

[1] "Staghorn calculi are complex renal stones that occupy the majority of the renal collecting system and are of particular importance to urologists as they often carry high morbidity and mortality rates. Treatment is often complicated but necessary given that untreated stones can lead to recurrent urinary tract infections, urosepsis, renal deterioration, and death." Sharbaugh, et al., *Contemporary best practice in the management of staghorn calculi*, Therapeutic Advances in Urololgy, 2019 Jan.-Dec., https://www.ncbi.nlm.nih.gov/pmc/articles/PMC8842174/#.

Mr. Emery says he continued to inquire about the status of the surgery he needed to remove the larger kidney stone. On March 29, 2023, he signed a Release of Information so that the prison could obtain his medical records from the urologist he saw before he was incarcerated. ECF 17-10 at 1. The records had not been received by July 5, 2023, so his treating physician contacted medical records to request them again. ECF 17-15 at 1-2. The urology records still have not been received by the prison, as they are not in the medical records that defendants produced in response to a discovery request. S*ee* ECF 25. The medical records are current through at least November 2023. ECF 17-1 at 1.

In June 2023, Mr. Emery received an x-ray of his abdomen that revealed "[c]alcification overlie the left kidney," suggesting a possible kidney stone. ECF 17-4 at 1. On August 12, 2023, after Mr. Emery reported passing another kidney stone, he was prescribed Flomax (tamsulosin) that he could keep with him in case he had another kidney stone. ECF 25-19 at 20-21. Two months after that, on October 5, 2023, a prison physician submitted an Outpatient Request for him to get a CT Scan. ECF 17-16 at 1-4. That request was approved a few days later. ECF 25-12 at 25. The record does not contain the date the CT Scan is scheduled.

A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

3

equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Prisoners are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

The Warden argues the record shows that Mr. Emery is receiving constitutionally adequate care for his kidney stones. In his reply, Mr. Emery argues the record establishes inadequate care because he has been reporting his need for surgery for more than a year and no action was taken. ECF 24 at 1-2. However, what is at issue in a preliminary injunction motion is the current state of his medical care, not whether he has received inadequate care in the past. *See Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991) ("When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers."). The absence of Mr. Emery's pre-incarceration urology medical records is concerning. But the record shows that at this point, Mr. Emery has ready access to Flomax to treat any future kidney stones, and he was approved for a CT scan to follow up on the x-ray. Mr. Emery's reply takes issue with many aspects of his past care but provides nothing to contest that he has access to Flomax or that a CT scan

has been approved, and thus medical staff are taking steps to address his recurrent kidney stones. Mr. Emery has not established that he is likely to succeed on the merits of a claim that his current care is constitutionally inadequate.

For these reasons, the court DENIES the motion for a preliminary injunction (ECF 9).

SO ORDERED.

February 13, 2024                           *s/ Damon R. Leichty*
                                            Judge, United States District Court