UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK W. EMERY,

    Plaintiff,

    v.                                         CAUSE NO. 3:23-CV-809 DRL-AZ

RON NEAL *et al.*,

    Defendants.

OPINION AND ORDER

Frank W. Emery, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding Dr. Nancy Marthakis and Nurse Karen Fagan "in their individual capacities for compensatory and punitive damages for deliberate indifference to his need for kidney stone surgery in violation of the Eighth Amendment[.]" ECF 58 at 11. Second, he is proceeding against Nurse Fagan "in her individual capacity for compensatory and punitive damages for deliberate indifference to his need for a treatment plan for future kidney stones that were likely to recur in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Warden Ron Neal in his official capacity for injunctive relief to receive constitutionally adequate medical care for his recurrent kidney stones as required by the Eighth Amendment[.]" *Id.* Warden Neal filed a summary judgment motion, arguing Mr. Emery didn't exhaust his available administrative remedies before filing this lawsuit. ECF 81. The medical defendants also filed one, likewise arguing Mr. Emery didn't exhaust his remedies. ECF 86. Mr. Emery

filed a response to both summary judgment motions, and Warden Neal filed a reply.[1] ECF 94, 95, 97. Mr. Emery then filed a sur-response, which Warden Neal has moved to strike. ECF 98, 99.[2] The court will now rule on both summary judgment motions.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v.*

---

[1] The medical defendants have not filed a reply, and the time for doing so has expired.

[2] The court has reviewed the contents of Mr. Emery's sur-response, and concludes it has no impact on the disposition of this case. Therefore, Warden Neal's motion to strike the sur-response will be denied.

2

*Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants argue Mr. Emery didn't exhaust his available remedies because he filed a relevant grievance but did not appeal the grievance office's response to that grievance. ECF 82, ECF 87. To fully exhaust a grievance, Mr. Emery needed to complete three steps: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 86-2 at 3. On November 13, 2022, Mr. Emery filed Grievance 147759, complaining he was denied adequate medical care for his kidney stones. ECF 86-4 at 2-3. On December 9, 2022, the grievance office issued a response denying Grievance 147759 on its merits, stating that medical staff appeared to be treating his needs. *Id.* at 1. The grievance office never received a Level I appeal for Grievance 147759 from Mr. Emery, which was a necessary step to exhaust the grievance. ECF 86-1 at 6.

In his response, Mr. Emery argues he made several efforts to appeal the grievance office's denial of Grievance 147759, but was ignored by the grievance office. Specifically, Mr. Emery argues he made "numerous" requests for a grievance appeal form (State Form 45473) from prison staff, but prison staff instead brought him a standard grievance form (State Form 45471) and said they couldn't bring him any other grievance form. ECF 94 at

3

12-15. Mr. Emery then wrote "Appeal" at the top of this grievance form, explained that he was appealing the grievance office's denial of Grievance 147759, and submitted this makeshift appeal form to the grievance office.[3] ECF 94-1 at 5; ECF 94 at 12. Mr. Emery never received a response to this makeshift appeal form, so he submitted a written notice to the Grievance Specialist notifying him he'd submitted an appeal for Grievance 147759 and hadn't received any receipt or response. ECF 94-1 at 6; ECF 94 at 13. Mr. Emery never received a response to this notice, so he submitted two additional notices stating he hadn't received a response to his appeal and he wanted to pursue a Level II appeal to the Department Grievance Manager. ECF 94 at 13-14; ECF 94-1 at 7-9. Mr. Emery never received any response to these notices. ECF 94 at 13-15.

Here, Mr. Emery has provided evidence the grievance office made his administrative remedies unavailable by disregarding his attempts to appeal the denial of Grievance 147759. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("a remedy becomes 'unavailable' if prison employees do not respond to" properly filed grievance forms). Because the medical defendants do not respond to or dispute any of Mr. Emery's evidence, they have not met their burden to show Mr. Emery had available remedies he didn't exhaust before filing this lawsuit. Warden Neal, alternatively, raises two arguments that must be addressed.

---

[3] Though it's not clear from the record, it appears Mr. Emery provides evidence he submitted a signed and dated copy of the Offender Grievance Response Report to the grievance office along with his makeshift appeal form. ECF 94-1 at 4.

4

First, Warden Neal argues Mr. Emery's assertion he submitted appeals should be disregarded pursuant to the "sham affidavit" rule, as it is inconsistent with his statement in his amended complaint that he exhausted every step of the grievance process. ECF 97 at 3-4; *see James v. Hale*, 959 F.3d 307, 316 (7th Cir. 2020) (the sham affidavit rule "prohibits a party from submitting an affidavit that contradicts the party's prior deposition or other sworn testimony."). Specifically, Mr. Emery asserted in his amended complaint that he "sought to exhaust his administrative remedies as required by [the grievance policy]" and "followed this policy through every step of the grievance process." ECF 6 at 2. Here, Mr. Emery's assertion in his response that he attempted to submit appeals that were ignored by the grievance office is consistent with his assertion in his amended complaint that he "followed [the grievance policy] through every step of the grievance process." Because there's no contradiction in Mr. Emery's statements, the sham affidavit rule is not applicable here.

Second, Warden Neal argues Mr. Emery's attempts to appeal were inadequate because he did not submit the appeal on the proper form. ECF 97 at 4-5. Specifically, Warden Neal argues the only effort Mr. Emery made to obtain an appeal form was to request one from prison staff, and there's no evidence he ever requested an appeal form from the Grievance Specialist. But Mr. Emery provides evidence he requested an appeal form from the Grievance Specialist on at least two occasions. First, Mr. Emery provides evidence he sent the grievance office a State Form 45471 with "Appeal" written at the top and an explanation he wanted to appeal the denial of Grievance 147759, and there's no evidence the grievance office ever returned this form to Mr. Emery or provided him with

5

the appropriate appeal form. Second, Mr. Emery provides evidence he sent the Grievance Specialist a written notice indicating he had not received a response to his attempted appeal, and there's no evidence the Grievance Specialist ever sent him an appeal form or otherwise responded in any way to this notice. ECF 94-1 at 6. Because Warden Neal does not provide any evidence disputing Mr. Emery's evidence he attempted to obtain an appeal form and was prevented from doing so, the undisputed facts show Mr. Emery's administrative remedies were not available.[4] Therefore, Warden Neal has not met his burden to show Mr. Emery had available administrative remedies he did not exhaust before filing this lawsuit.

For these reasons, the court DENIES Warden Neal's motion to strike Mr. Emery's sur-response (ECF 99) and DENIES both of the defendants' summary judgment motions (ECF 81; ECF 86).

SO ORDERED.

May 30, 2025                                         *s/ Damon R. Leichty*
                                                     Judge, United States District Court

---

[4] Warden Neal also argues Mr. Emery did not properly request an appeal form because he never signed and returned the Offender Grievance Response Report for Grievance 147759. ECF 97 at 4-5. Any dispute over whether Mr. Emery signed and returned the Offender Grievance Response Report is not material, as it's undisputed Mr. Emery made other requests for an appeal form that were ignored by the Grievance Specialist. The Offender Grievance Process does not provide any one method by which an inmate must request an appeal form. *See Malone v. McKinney*, No. 23-3243, 2024 WL 3534694, 2 (7th Cir. July 25, 2024) (holding IDOC's grievance policy "[does] not require that prisoners furnish their 'Offender Grievance Response Report'" to request an appeal form, and the inmate's evidence he requested an appeal form and was denied was enough to show the appeal procedure was unavailable to him).